1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10 | In re

11 | ALANNA GRACE ELLIS,

12 | Debtor(s).

13

14 | FIRST AMERICAN TITLE INSURANCE
COMPANY, a California Corporation,

15 | Plaintiff,
vs.

16

17 | ALANNA GRACE ELLIS,

Defendant.

18

Case No. 16-10066 MLB

Adv. No.

COMPLAINT FOR DENIAL OF
DISCHARGE

19 | Plaintiff, First American Title Insurance Company, by and through its attorneys,

20 | Hanson Baker Ludlow Drumheller P.S., for causes of action against the Defendant, asserts and

21 | alleges as follows:

22

COMPLAINT FOR DENIAL OF DISCHARGE - 1

W:\WPDOCS\10001\002\B0334406.DOC

**HB**

Hanson Baker Ludlow Drumheller P.S.
2229 – 112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

# 1. JURISDICTION AND VENUE

1.1.    Defendant Alanna Grace Ellis filed her voluntary Chapter 11 bankruptcy petition in this district on January 8, 2016 (the "Bankruptcy Case").

1.2.    This complaint is filed pursuant to Fed. R. Bankr. Proc. 4004 and 7001.

1.3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) because it arises in or relates to the Bankruptcy Case.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

1.4.    This Court also has jurisdiction over this matter because it is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

# 2. PARTIES

2.1.    Plaintiff First American Title Insurance Company ("First American") is a California corporation licensed to do business in Washington.

2.2.    Defendant Alanna Grace Ellis resides with her husband, Bradley Ellis (together, the "Ellises"), in King County, Washington.

2.3.    All acts alleged herein to have been performed by the Ellises, either individually or together, were performed for the benefit of their marital community.

# 3. FACTUAL BACKGROUND

The 2002 Loan owing to Chase.

3.1.    In December 2002, Mr. Ellis borrowed $565,000 (the "2002 Loan") from Long Beach Mortgage Company.

3.2.    To secure repayment of the 2002 Loan, the Ellises' granted Long Beach

COMPLAINT FOR DENIAL OF DISCHARGE - 2

W:\WPDOCS\10001\002\B0334406.DOC

**HB**

**Hanson Baker Ludlow Drumheller P.S.**
2229 – 112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

Mortgage Company a Deed of Trust on real property commonly known as 4379 232nd Court SE, Sammamish, WA 98075 (the "Property").

3.3. Washington Mutual ("WaMu") became the holder of the beneficial interest in the 2002 Loan and Deed of Trust.

Mr. Ellis Applied to Refinance the 2002 Loan.

3.4. In the fall of 2003, Mr. Ellis applied to WaMu to refinance the 2002 Loan.

3.5. Later, in December 2003, Mr. Ellis sent WaMu a $4,538.31 check to make his December 2003 payment on the 2002 Loan.

3.6. In January 2004, WaMu sent a payoff statement to the party closing the refinance demanding $567,335.84 to pay the 2002 Loan in full. This payoff statement was necessarily calculated on the assumption that Mr. Ellis's $4,538.31 check was valid.

3.7. On January 12, 2004, WaMu funded the new loan (the "2004 Loan") secured by a new Deed of Trust recorded against the Property. The loan closer sent an escrow check back to WaMu to pay the amount demanded in its payoff statement for the 2002 Loan.

Mr. Ellis's Check Bounced Creating a Payoff Shortfall on the 2002 Loan.

3.8. The next day on January 13, 2004, Mr. Ellis's December 2003 payment check of $4,538.31 on the 2002 Loan bounced. This created a payoff shortfall of $4,480.72.

3.9. Because of the $4,480.72 payoff shortfall, the amount tendered in January 2004 to pay off the 2002 Loan was insufficient.

3.10. Rather than return the payoff to the loan closer, or apply the payoff to the 2002 Loan balance (leaving a $4,480.72 unpaid balance), WaMu inexplicably delivered the loan

COMPLAINT FOR DENIAL OF DISCHARGE - 3

W:\WPDOCS\10001\002\B0334406.DOC

**HB**
Hanson Baker Ludlow Drumheller P.S.
2229 – 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

proceeds of $566,202.08 via check to Mr. Ellis, which he cashed.

### The Ellises and WaMu Expected to Refinance the 2002 Loan, But that Did Not Happen.

3.11.   WaMu and the Ellises expected that the 2004 Loan proceeds would be used to refinance the 2002 Loan, leaving WaMu's 2004 Loan Deed of Trust in a first lien position on the Property.  In fact, however, the Ellises wrongfully kept all of the 2004 Loan proceeds and, consequently, WaMu refused to reconvey its 2002 Loan Deed of Trust from the Property.  As a result, the Property was encumbered with two WaMu deeds of trust, one securing the 2002 Loan and the other securing the 2004 Loan.

3.12.   WaMu was placed in FDIC receivership in 2008, and in September 2008 Chase acquired the right to enforce the 2002 Loan.

### The Ellises' Default and Foreclosure.

3.13.   In September 2008, a successor to WaMu's interest in the 2004 Loan foreclosed and the Property was sold at trustee's sale to Aurora Loan Services, LLC ("Aurora").

3.14.   Joe and Shawna Borichewski (together, the "Borichewskis") purchased the Property from Aurora in July 2009.  At the time, the Deed of Trust securing the 2002 Loan still encumbered the Property.

3.15.   The Ellises stopped making payments on the 2002 Loan, so in late 2008/early 2009 Chase started foreclosure proceedings against the Property (now owned by the Borichewskis).

3.16.   The Borichewskis filed a complaint to stop the foreclosure and establish clear title to the Property.  See King County Superior Court No. 09-2-27564-5 SEA (the

COMPLAINT FOR DENIAL OF DISCHARGE - 4

W:\WPDOCS\10001\002\B0334406.DOC

**HB**
Hanson Baker Ludlow Drumheller P.S.
2229 – 112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

"Borichewski Lawsuit").

3.17.   To resolve the Borichewski Lawsuit, First American acquired Chase's interest in the 2002 Loan after which Chase reconveyed the 2002 Deed of Trust from the Property without releasing the Ellises of their liability to repay the 2002 Loan.

First American's Recovery Against the Ellises – The First American Lawsuit.

3.18.   First American succeeded to Chase's interest in the 2002 Loan and all rights of recovery under any loan documents related thereto, except the right to foreclose the 2002 Deed of Trust.

3.19.   In July 2011, First American filed a lawsuit against the Ellises to recover the balance owing on the 2002 Loan which was $879,045.89.  See King County Superior Court Case No. 11-2-24716-3 (the "First American Lawsuit").

3.20.   A settlement agreement was entered into resolving the First American Lawsuit on the following terms: (a) First American agreed to accept the Ellises' payment of a reduced amount to satisfy the 2002 Loan, payable in installments; and in exchange (b) the Ellises agreed that the 2002 Loan debt was nondischargeable pursuant to 11 U.S.C. § 523 and, upon default in payments, that First American could enter a nondischargeable confession of judgment against the Ellises.

3.21.   The Ellises defaulted on the settlement agreement.

3.22.   Upon default, the confession of judgment was entered in the First American Lawsuit in April 2013.

3.23.   In exchange for vacating the confession of judgment, the Ellises started making

COMPLAINT FOR DENIAL OF DISCHARGE - 5

W:\WPDOCS\10001\002\B0334406.DOC

HB

Hanson Baker Ludlow Drumheller P.S.
2229 – 112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

payments again under an amended settlement agreement also stating that their debt to First American was nondischargeable pursuant to 11 U.S.C. § 523 and that upon default First American could enter a nondischargeable confession of judgment against the Ellises.

3.24. The Ellises defaulted on the amended settlement agreement many times, the last of which was in December 2015.

3.25. Defendant filed the Bankruptcy Case before First American could enter its confession of judgment.

## 4. FIRST CAUSE OF ACTION

### (Denial of Discharge Under 11 U.S.C. § 523(a)(2))

4.1. The Ellises obtained the 2004 Loan proceeds from WaMu under false pretenses, a false representation, or actual fraud when Mr. Ellis submitted the December 2003 check for $4,538.31 to WaMu indicating that the Ellises had funds available to make the monthly payment on the 2002 Loan.

4.2. This check for $4,538.31 was materially false because the Ellises did not have sufficient funds to pay it.

4.3. WaMu reasonably relied on this check being valid when it calculated the 2002 Loan payoff statement delivered to the Ellises.

4.4. The Ellises caused this check to be made or delivered it with intent to deceive WaMu.

4.5. The Ellises obtained or retained the 2004 Loan proceeds from WaMu under false pretenses, a false representation, or actual fraud, knowing that the 2004 Loan proceeds were

COMPLAINT FOR DENIAL OF DISCHARGE - 6

W:\WPDOCS\10001\002\B0334406.DOC

**HB**

**Hanson Baker Ludlow Drumheller P.S.**
2229 – 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

supposed to be used to refinance—and to pay off—the 2002 Loan. Instead, the Ellises treated the 2004 Loan as though it were a cash-back, second deed of trust loan, and kept all of the 2004 Loan proceeds.

4.6.    The Ellises' loan documents for the 2004 Loan were materially false because they said the loan proceeds were to be used to refinance the 2002 Loan, which they were not.

4.7.    WaMu reasonably relied on the Ellises' statements in the loan documents for the 2004 Loan.

4.8.    The Ellises caused the loan documents for the 2004 Loan to be made or delivered them with intent to deceive WaMu.

4.9.    First American may make these allegations as the successor to the 2002 Loan.

4.10.   On these bases, Defendant should be denied discharge.

## 5.  SECOND CAUSE OF ACTION

### (Denial of Discharge Under 11 U.S.C. § 523(a)(6))

5.1.    The Ellises willfully and maliciously caused injury to WaMu/Chase, now First American, by delivering a December 2003 non-sufficient funds check to WaMu for payment on the 2002 Loan, which resulted in delivery of the 2004 Loan proceeds directly to the Ellises, rather than application of the 2004 Loan proceeds to payment of the 2002 Loan.

5.2.    The Ellises willfully and maliciously caused injury to WaMu/Chase, now First American, by keeping the $566,202.08 Loan proceeds from the 2004 Loan instead of using those funds to payoff the 2002 Loan.

5.3.    First American may make these allegations as the successor to the 2002 Loan.

COMPLAINT FOR DENIAL OF DISCHARGE - 7

W:\WPDOCS\10001\002\B0334406.DOC

HB

Hanson Baker Ludlow Drumheller P.S.
2229 – 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

5.4.    On these bases, Defendant should be denied discharge.

## 6. RELIEF REQUESTED

WHEREFORE, Plaintiff First American prays for the following relief:

6.1.    For denial of the Defendant's discharge under 11 U.S.C. § 523(a)(2) and (6);

6.2.    For recovery of Plaintiff's attorney fees and costs incurred in pursuing its claim against Defendant in this proceeding, pursuant to federal law, recognized grounds in equity, and/or the loan and security documents; and

6.3.    For such other and further relief as the Court deems just and equitable in the premises.

DATED this _12th_ day of April, 2016.

HANSON BAKER LUDLOW
DRUMHELLER P.S.

By: _____
John T. Ludlow, WSBA #7377
jludlow@hansonbaker.com
Douglas R. Cameron, WSBA #43091
dcameron@hansonbaker.com
Attorneys for First American
Title Insurance Company

COMPLAINT FOR DENIAL OF DISCHARGE - 8

W:\WPDOCS\10001\002\B0334406.DOC

**HB**
**Hanson Baker Ludlow Drumheller P.S.**
2229 – 112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374